————o————

No. 7048.

## GREGORY HURST v. ESTATE OF LUCINDA JACKSON.

### Syllabus.

Articles 126, 127 & 128 of the Civil Code do not authorize a wife to borrow money for the use of her husband, and the only effect of the Judge's certificate is to shift the burden of proof. Without that certificate

the creditor must prove that the loan inured to the wife's separate benefit; but with the certificate the burden of proof then lies upon the wife to show affirmatively that the loan inured to the benefit of her husband and that **the creditor knew that fact when the loan was made.**

Appeal from the 28th Judicial District Court for the Parish of Jefferson, No. 2221, Honorable John E. Fleury, Judge. Reversed and remanded.

F. A. Middleton, for plaintiff and appellee.

George J. Untereiner, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This matter was submitted on briefs.

It is an appeal from a judgment dissolving an injunction.

The administrators of the Estate of Lucinda Jackson, a married woman, sought to enjoin an executory process taken out against certain property of the succession.

The petition sets up several grounds for the injunction, all of which, with one exception, are purely technical and wholly without merit, and which by no possibility could ultimately defeat plaintiff's claim or have any other result than to prolong this litigation and pile up unnecessary costs and charges against the succession.

We shall therefore waste no time in refuting them, especially as one ground set up, as above said, if borne out by evidence, is quite sufficient to perpetuate the injunction and finally dispose of plaintiff's claim.

That ground is the one set up in paragraphs eleven, twelve and thirteen of the petition and is in substance as follows:

That although Lucinda Jackson, was duly examined and authorized by the Judge to borrow the money and mortgage her property to secure the same, nevertheless the note and mortgage were given not for money advanced to her for her own use, but in exchange for a prior note held by the same mortgagee (plaintiff herein) on which note and mortgage she was not liable because given under coercion exercised by her husband and for money borrowed by him and used for his own purposes; all of which plaintiff had full cognizance of at the time.

Plaintiff in suit however moved to dissolve on the ground that the petition for injunction disclosed no cause of action and the trial judge thought the plea well founded.

We think he was in error. The case should have been tried on the merits, thereby giving plaintiffs in injunction an opportunity to adduce their proof.

For articles 126, 127 and 128 of the Civil Code do not authorize a wife to borrow money for the use of her husband; and the only effect of the Judge's certificate is to shift the burden of proof. Without the certificate the creditor must prove that the loan issued to the wife's separate benefit; but with the certificate, the burden of proof then lies upon the wife to show affirmatively that the loan inured to the benefit of her husband and that **the creditor knew that fact when the loan was made.**

*Rice v. Alexander*, 15 *An.*, 54.
*Feltus v. Blanchin*, 26 *An.*, 402.
*Conrad v. LeBlanc*, 29 *An.*, 123.
*Kohlman v. Cochran*, 123 *La.*, 241.
*Sickinger v. Cheneville*, 125 *La.*, 278.
See also 30 *An.*, 942; 49 *An.*, 201; 31 *An.*, 834.

In the case at bar this is precisely what the wife's administrators charge, to-wit, that the loan inured to the

benefit of the husband and that **the creditor knew that fact at the time the loan was made.**

They should be allowed to make proof of this if they can.

The judgment appealed from is therefore reversed, and it is now ordered that the case be remanded to the District Court, there to be proceeded with according to law and in accordance with the views above set forth. Costs of this appeal to be borne by appellee and all other costs to await the final disposition of the case.

Opinion and decree, June 11th, 1917.